IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | 1:13-cr-183-WSD |
| CARLOS MAURICIO HERNANDEZ, | |
| Defendant. | |

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Justin S. Anand's Final Report and Recommendation ("R&R") [36] recommending the denial of Defendant's Motions to Suppress Evidence [16] and to Suppress Statements [17].

## I. BACKGROUND[1]

In an indictment filed on May 8, 2013, Defendant was charged with one count of illegal re-entry in violation of 8 U.S.C. §§ 1326(a) and (b)(2), three counts of making false statements on a United States passport application in violation of

---

[1] The parties did not object to any specific facts set out in the R&R, and finding no plain error in the Magistrate Judge's findings of fact, the Court adopts them. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993) (noting that "[b]ecause [Plaintiff-Appellant] did not file specific objections to *factual findings* by the magistrate judge, there was no requirement that the district court *de novo* review those findings.") (emphasis in original).

18 U.S.C. § 1542, and three counts of aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1).

On October 24, 2012, officers from several state and federal law enforcement agencies coordinated to arrest Defendant pursuant to an arrest warrant issued by a Gwinnett County, Georgia court.  The officers observed Defendant and his girlfriend, identified as Miriam Palacios, leaving Defendant's residence early that morning in a red truck.  Defendant was driving, while Ms. Palacios was in the passenger seat.  The officers pulled Defendant's truck over at a strip mall approximately one and a half miles from Defendant's residence.  Two officers approached Defendant's side of the truck, and one officer approached Ms. Palacios's side. Defendant complied with the officers' request to exit the truck and their request to frisk and handcuff him.  The agent who approached Ms. Palacios's side told her, in English, to show her hands and exit the truck.  Ms. Palacios complied with these instructions.  Ms. Palacios followed the agent's instruction to sit on a curb.  The agent stood near her as she sat.

At some point after she had exited the vehicle, Ms. Palacios stated that she was cold.  In response, the officers put her in the front passenger seat of one of their vehicles, and turned up the car's heater.  The agents did not threaten Ms. Palacios, and they did not point a weapon or yell at her.  She appeared alert, and

calm. The agents did not promise her anything in exchange for her cooperation in the arrest or investigation.

Defendant, meanwhile, insisted that he was not the person the agents were seeking to arrest. He claimed that his name was Juan Rodriguez Del Valle. Defendant asked to take the officers back to his residence, where he claimed he could produce a passport that would confirm his identity as Del Valle. The agents declined to take Defendant back to his home. Defendant then asked the agents to take Ms. Palacios to his residence to retrieve Defendant's passport. Defendant said that Ms. Palacios lived with him, and that she would be able to prove his identity with documents at their residence.

Agent Paul Earl asked Ms. Palacios "if it was okay for her to go back to the residence with [them]," to "one, retrieve the passport, [and] two, search for any other documents that may be in the room where they occupied, any drugs and weapons also in the room." (R&R at 4.) Agent Earl spoke with Ms. Palacios in Spanish because she had a limited understanding of English. Agent Earl states he is "not fluent" in Spanish, but studied Spanish in both high school and college, took Spanish classes at the Foreign Institute in Arlington, Virginia, and served for two years in Colombia. Agent Earl has explained <u>Miranda</u> rights in Spanish to approximately 50 Spanish speaking detainees. During her interaction with Agent

3

Earl, Ms. Palacios did not ask for a translator.

Ms. Palacios agreed to take the officers back to her and the Defendant's residence. Agent Earl provided Ms. Palacios with a consent-to-search form, written in Spanish, which she signed. The form stated that law enforcement was asking "permission to carry out a complete search" of the residence, that the undersigned "give[s] this permission voluntarily," and that the undersigned "hereby authorize[s] the agents to seize any article that in their opinion could be related to this investigation." (Gov't's Ex. 3.)[2] Agent Earl asked Ms. Palacios if she understood her rights, and she responded that she did.

Several agents drove Ms. Palacios back to her and the Defendant's residence. Once there, Ms. Palacios led them to Defendant's room, in which the agents observed female articles of clothing and hygiene products, as well as photographs of both Defendant and Ms. Palacios. Ms. Palacios knew where to find Defendant's passport and retrieved it for the agents. The agents recovered other documents and evidence during their search. Ms. Palacios was present during the

---

[2] The form reads, in Spanish: "Agentes Especiales del Departamento de la Seguridad de la Patria de Los Estados unidos han pedido mi permiso de realizar un registro completo del siguiente . . . Me han informado que tengo el derecho de rehusar dar mi consentimiento . . . Ortogo este permiso voluntariamente . . . Por la presente autorizo a los agentes a incautar cualquier articulo que a su juicio pudiera estar relacionado con esta investigacion."

search and did not at any time revoke her consent to search, and she did not object to the manner of the search or the items seized.

On May 30, 2013, Defendant was arrested on federal charges. Agent Earl and another federal agent took custody of Defendant to transport him to the federal courthouse in Atlanta. Defendant was restrained during the trip.

As soon as Defendant was put in the vehicle for transport, agent Earl verbally advised him of his <u>Miranda</u> rights, in English. Agent Earl also gave him a statement of his <u>Miranda</u> rights, written in Spanish. Agent Earl testified that he promptly advised Defendant of his rights because he "knew [Defendant] was going to start talking to [them]." (R&R at 6.) Defendant indicated that he understood his rights after he was advised of them verbally and in writing. Because of security concerns, the agents did not give Defendant a pen to sign the advisement form while they were driving. Defendant signed the form when they arrived at the federal courthouse building where it was safer to give him a pen.

After Defendant was advised of his <u>Miranda</u> rights, he did not ask for an attorney and did not invoke his right to remain silent. He also did not ask for an interpreter. Aware of his rights, Defendant began speaking with the investigating officers. When he spoke, Defendant made potentially inculpatory statements. He first claimed that his arrest was "all a big misunderstanding" and that his true name

was Juan Rodriguez.  (R&R at 7.)  Agent Earl told Defendant that he did not believe Defendant's claims of his identity as Juan Rodriguez and said "it would behoove [Defendant] to tell the truth."  Defendant then stated he wanted to tell the truth, admitting that he was not Juan Rodriguez.  (Id.)  He also told the officers that he had paid for false identification papers in Juan Rodriguez's name.  (Id.)  During his conversation with the agents, Defendant was alert, calm, and otherwise acted appropriately.

On June 27, 2013, Defendant moved to suppress the evidence recovered in the October 24, 2012, search of his home, arguing that Ms. Palacios was not authorized to give consent and, even if she was, her consent was not given voluntarily.  Defendant also moved to suppress the May 30, 2013, statements he made to the agents who transported him.  Defendant contends those statements were made involuntarily, and without a knowing waiver of his Miranda rights.

On August 27, 2013, Magistrate Judge Anand conducted an evidentiary hearing on Defendant's motions.  On December 13, 2013, Magistrate Judge Anand issued his R&R, recommending that Defendant's Motion to Suppress Evidence be denied because (i) Ms. Palacios was reasonably understood to be a co-resident in Defendant's home, and (ii) Ms. Palacios voluntarily consented to the search of Defendant's residence.  The Magistrate Judge recommended that Defendant's

Motion to Suppress Statements be denied because Defendant's statements to law enforcement were made voluntarily and after being advised of his Miranda rights.

On December 27, 2013, Defendant filed what he characterized as objections to the R&R.

## II.     DISCUSSION

### A.     Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59; Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990) (internal quotation marks omitted). With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).

The Defendant's "Objections" [38] to the R&R consist of a one paragraph statement in which he states:

> In his Report, the Magistrate Judge held that law enforcement officers had valid consent by a co-resident to search Mr. Hernandez's residence and that the co-resident's consent was voluntary. The Magistrate Judge also found that Mr. Hernandez's post-arrest statements to law enforcement were voluntary. Mr. Hernandez objects to the Magistrate Judge's findings for the reasons stated in his Post-Hearing Brief. (Record citations omitted.)

Defendant does not assert any specific objections to the R&R or reasons to support them, essentially asking the Court to reconsider the Magistrate Judge's findings and recommendations based on the same submission Defendant submitted to the Magistrate Judge. A valid objection must "specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." Heath v. Jones, 863 F.2d 815, 822 (11th Cir. 1989); see also Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988) (noting that "[p]arties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court."). The Defendant's "Objections" do not constitute valid objections and thus the Court reviews the R&R for plain error.[3]

---

[3] Even if the Court's review was *de novo*, the record here plainly shows that the search pursuant to Ms. Palacios's consent was proper, and the statements made by the Defendant were voluntary, and are not required to be suppressed.

B.   Analysis

1.   *Motion to Suppress Evidence*

The Magistrate Judge found that the Government has met its burden to demonstrate that Ms. Palacios was Defendant's co-resident and authorized to consent to the search, or at least that it was reasonable for the agents to believe she was authorized to consent.  The Magistrate Judge therefore recommends that Defendant's Motion to Suppress Evidence [16] be denied, and the Court finds no plain error in this recommendation.  See United States v. Matlock, 415 U.S. 164, 171 (1974) (noting that permission to conduct a warrantless search of property owned or occupied by a defendant may be obtained from another person who also owns or occupies, or otherwise shares common authority over the premises); United States v. Marchante, 514 F. App'x 878, 881 (11th Cir. 2013) (citing Matlock, 415 U.S. at 171); United States v. Ferndandez, 58 F.3d 593, 597 (11th Cir. 1995) (citing Illinois v. Rodriguez, 497 U.S. 177, 188-89 (1990)) ("[A] warrantless entry is valid when based upon the consent of a third party whom the police, at the time of entry, reasonably believed possessed common authority over the premises, even if the third party does not in fact possess such authority.")[4]

---

[4] Defendant also argues that Ms. Palacios did not voluntarily consent to the search. It is clear that Ms. Palacios understood Agent Earl when he asked permission to search Defendant's home.  Ms. Palacios was not coerced, and she displayed no

2.  *Motion to Suppress Statements*

The Magistrate Judge found that, based on the totality of the circumstances, Defendant's May 30, 2013, statements were voluntarily made, with knowledge of his Miranda rights.  The Magistrate Judge therefore recommends that Defendant's Motion to Suppress Statements [17] be denied, and the Court finds no plain error in this recommendation.   See Moran v. Burbine, 475 U.S. 412, 421 (1986) (noting that a waiver of Miranda rights is effective when it is the product of a voluntary choice and when it is made in full awareness of both the nature of the rights being abandoned and the consequences of that abandonment); accord United States v. Barbour, 70 F.3d 580, 585 (11th Cir. 1995).  See also Hubbard v. Haley, 317 F.3d 1245, 1252-53 (11th Cir. 2003) (noting that whether a waiver is valid is based on the "totality of the circumstances").

## III.  CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Justin S. Anand's Final Report and Recommendation [36] is **ADOPTED**, and Defendant Carlos Mauricio

---

signs of distress.  Based on the totality of the circumstances, Ms. Palacios gave her consent to search Defendant's residence voluntarily.  See United States v. Zapata, 180 F.3d 1237, 1241 (11th Cir. 1999); Schneckloth v. Bustamonte, 412 U.S. 218, 226 (1973); United States v. Purcell, 236 F.3d 1274, 1281 (11th Cir. 2001).

Hernandez's "Objections" [38] are **OVERRULED.**

**IT IS FURTHER ORDERED** that Defendant's Motion to Suppress Evidence [16] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Suppress Statements [17] is **DENIED**.

**SO ORDERED** this 5th day of March, 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE